RENDERED: JULY 31, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0870-DG

STEVE ELLIOTT            APPELLANT


ON REVIEW FROM JEFFERSON CIRCUIT COURT
v.         HONORABLE SARAH E. CLAY, JUDGE
ACTION NO. 24-XX-000087


KRISTINA MILES AND LISA PEAK        APPELLEES


OPINION REVERSING,
VACATING, AND
REMANDING

** ** ** ** **

BEFORE: ACREE, EASTON, AND KAREM, JUDGES.

EASTON, JUDGE: This is an appeal involving a small claims dispute over the sale of a used vehicle. We granted Appellant (Elliot)'s Motion for Discretionary Review because this case presents important issues about the small claims process, which is not often the subject of our review, and the law applicable to a frequent subject of small claims disputes. Elliot challenges the circuit court's determination that the evidence did not support the district court's finding that he sold the used

vehicle "as is" and thus with no warranties.  Upon review of the record and applicable law, we reverse the circuit court, vacate the district court judgment, and direct remand of the case to the district court for further proceedings.

## BRIEF COMPLIANCE

Elliot timely filed his Appellant Brief.  Neither Appellee Lisa Peak (Peak) nor Appellee Kristina Miles (Miles) filed an Appellee Brief.  RAP[1] 31(H)(3) provides:

> If the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

We should not be surprised when small claims parties do not file briefs, if for no other reason than the expense involved.  But "rules are rules," and we should not shy away from exercising our discretion in such cases.  In the circumstances presented by this case and pursuant to RAP 31(H)(3)(a), we accept Elliot's statement of the facts and issues as correct in part because we have independently reviewed the record and find Elliot's statement of facts and issues is correct.  And, pursuant to RAP 31(H)(3)(b), we reverse the circuit court, vacate the

---

[1] Kentucky Rules of Appellate Procedure.

district court judgment, and direct remand of the case because Appellant's Brief reasonably appears to sustain such action.

## FACTUAL AND PROCEDURAL HISTORY

Elliot is a mechanic whose primary business is operating an auto repair garage. He occasionally sells used vehicles. Most of the vehicles he sells come from customers who come in for repairs but, upon learning of the extent of the work needed, do not want to spend funds to repair their vehicles. So, Elliot purchases those vehicles, makes the needed repairs (if economically feasible for him to do so), and then sells the vehicles to others.

In July 2024, Peak purchased a 2008 Mazda vehicle from Elliot for her daughter, Miles. The odometer registered over 157,000 miles at the time of the sale. The purchase price was $3,500.00. Peak paid a $1,500.00 down payment, and Miles agreed to pay the remaining $2,000.00 balance at $200.00 per month for ten months.

The parties testified that they entered into a written agreement (Agreement) for the sale of the vehicle. The Agreement was originally drafted by Peak but was modified by Elliot's wife. The Agreement supposedly contained no express warranties. It may have contained an "as is" provision. But this written agreement is not included in the record.

We recognize that we are addressing a judgment resulting from the informal small claims process where the Kentucky Rules of Evidence do not apply. KRE[2] 1101(d)(3). The informality allowed does not eliminate the importance of making a sufficient record for review. We do not expect that the district courts will clutter the record of small claims cases with unnecessary documents, but the governing one-page written contract, which was clearly reviewed by the trial court, should have been part of the record here. We will discuss the impact of the state of the record in this case shortly.

Approximately two weeks after the purchase, Miles contacted Elliot about a transmission hose leak. Elliot performed this simple repair at no cost. Miles paid the first $200.00 installment under the Agreement. But then, weeks after the hose repair, Miles contacted Elliot to report other problems with the engine, including a ticking noise and a coolant leak.

Elliot confirmed that at this point the engine was "bad" and needed to be replaced, but he refused to replace it for free. Miles took the vehicle to another mechanic, who agreed the engine would have to be replaced at an estimated cost of up to $3,000.00. Miles and Peak demanded that Elliot either return the deposit or pay for the engine replacement. Elliot again refused.

---

[2] Kentucky Rules of Evidence.

Elliot testified that the vehicle was in good condition when it was sold and he believed that someone "rode it too hard and trashed it." Miles and Peak insisted that Elliot sold them an inoperable vehicle, which is obviously inaccurate as they operated the vehicle for over a month before the engine problem arose. Miles admitted that she and her 20-year-old son had driven the vehicle for five weeks.

Peak and Miles filed a small claims action against Elliot in district court. They again demanded either reimbursement of the deposit or funds to replace the engine. Elliot filed a counterclaim for breach of contract demanding the remaining $1,800.00 balance owed under the parties' Agreement.

In October 2024, the district court held a hearing. Elliot was present with counsel and Peak and Miles appeared *pro se*. The district court heard testimony from the parties. The video recording indicates Peak presented a document purporting to be the parties' Agreement. This document was handed to the bailiff, who then handed the document to the judge. The judge examined it. The Agreement was not attached to the Small Claims Complaint or the Counterclaim. The Agreement was not admitted as an exhibit by any of the parties.

After hearing testimony and reviewing the Agreement, the district court ultimately decided that the vehicle was sold "as is" with no warranties. The

district court asked Elliot if he was willing to take the vehicle back in lieu of pursuing his breach of contract counterclaim, but Elliot declined this compromise. The judge clearly struggled with reaching a fair result in the circumstances. It seems harsh, although not contrary to the law, for Miles and Peak to have to pay $1,800 for a vehicle that only worked for five weeks. Ultimately, although finding that an "as is" sale occurred, the district court then entered judgment for Miles and Peak, in effect rescinding the Agreement. The district court ordered Elliot to return the $1,500.00 down payment. The district court dismissed Elliot's counterclaim. There was no provision for a return of the vehicle to Elliot.

Elliot appealed this decision to the circuit court with an appropriate Statement of Appeal. Neither Peak nor Miles filed a Counterstatement. The circuit court affirmed the district court but on grounds other than those relied upon by the district court. The circuit court found that, even though the district court believed the sale was "as is," there was no proof in the record that notice of that limitation was in writing. The circuit court noted the absence of the Agreement in the record and determined that, other than Elliot's testimony, there was no proof in the record that Miles and Peak were given notice that the sale of the vehicle was "as is."

The circuit court, relying on the language of KRS[3] 355.2-316 that an "as is" contract provision must be in writing to exclude or modify an implied warranty of fitness for a particular purpose, determined there was no such proof in the record. Since such a warranty was not excluded in writing, the record supported the ultimate judgment ordering rescission. The circuit court thus affirmed the district court. The circuit court also determined that Elliot waived his right to a return of the vehicle by seeking damages rather than repossession.

**STANDARD OF REVIEW**

Because this is an appeal from a bench trial without a jury, the district court's findings of fact were not to be set aside unless clearly erroneous with due regard being given to the opportunity of the trial judge to consider the credibility of the witnesses. Factual findings are not considered clearly erroneous if they are supported by substantial evidence. *Goshorn v. Wilson*, 372 S.W.3d 436, 439 (Ky. App. 2012) (internal quotation marks and citations omitted).

If the trial judge's findings are supported by substantial evidence, then the appellate court's role is confined to determining whether those facts support the trial judge's legal conclusions. In reviewing legal conclusions, an appellate court conducts a *de novo* review. *Ellington v. Becraft*, 534 S.W.3d 785, 790 (Ky. 2017) (internal quotation marks and citations omitted).

---

[3] Kentucky Revised Statutes.

## ANALYSIS

On appeal, Elliot argues the circuit court erred in rejecting the district court's finding that the vehicle was sold "as is" with no warranties. He also argues it was error to allow rescission of an "as is" contract for the sale of a used vehicle. Alternatively, Elliot challenges the denial of his right to a return of the vehicle if rescission was ordered and upheld on appeal.

There are a few things to unpack here. First, we believe the circuit court erred in failing to conclude that substantial evidence supported the district court's finding that the sale of the used vehicle was "as is." But we also conclude that rescission was an improper remedy in these circumstances. Ultimately, we have decided that the circuit court decision should be reversed, the district court decision should be vacated, and the matter should be remanded to the district court for further proceedings consistent with the following analysis.

### SUBSTANTIAL EVIDENCE SUPPORTS THE DISTRICT COURT'S FINDING THAT THE USED CAR WAS SOLD "AS IS."

Elliot argues the circuit court erred in finding insufficient proof to support the district court's finding that the sale of the vehicle was "as is." We agree, but we also recognize that this result arises partly from a failure to make a record rather than application of the law to the Agreement which clearly exists, but which is not in the record for any appellate court to consider.

First, we should review the law about warranties. There is an implied warranty of merchantability, even with the sale of used vehicles. *See, e.g.*, *Moore v. Mack Trucks, Inc.*, 40 S.W.3d 888 (Ky. App. 2001). But that simply means that the used vehicle was "fit for the ordinary purposes for which" it is used. KRS 355.2-314(2)(c). The question is whether this used car with 157,000 miles on it was fit for ordinary purposes when Elliot sold it as a used car. Any used vehicle may run for years or not. Again, there was no express warranty, such as one for ninety days, which is sometimes seen with used vehicle sales.

Another implied warranty *may* arise. This is the warranty of fitness for a particular purpose. KRS 355.2-315. But for such a warranty to apply the evidence must show that the buyer relied upon the seller to select a product suitable for some particular purpose. Here, the vehicle was sold to operate as a vehicle generally, not for some particular purpose which called upon the seller to advise on what type of vehicle to buy.

KRS 355.2-315 did not expand the general proposition that the sale of used vehicles does not involve an implied warranty of fitness for a particular purpose. *See Moss v. Yount*, 177 S.W.2d 372, 375 (Ky. 1944). *See also Royal Lincoln-Mercury Sales, Inc. v. Wallace*, 415 So.2d 1024, 1027 (Miss. 1982) (example of a more modern case under the Uniform Commercial Code holding that

no warranty of fitness for a particular purpose arises from the typical sale of a used vehicle).

The district court made no finding about an implied warranty of fitness for a particular purpose. It simply held that any implied warranty had been waived by the "as is" sale. If the evidence had supported the existence of a fitness for a particular purpose warranty, it was for the district court to first decide, but there was no such evidence. While the waiver of the implied warranty of merchantability does not require a written document, the waiver of any warranty of fitness for particular purpose would have. KRS 355.2-316(2).

So now we arrive at the next problem – the incompleteness of the record. The evidence presented supported a finding that Elliot sold the vehicle "as is" and without any warranties. Both parties testified that no written warranties were included in the Agreement, and no verbal warranties were discussed or offered. When the district court asked Elliot whether the transaction was "as is," he confirmed that it was. Elliot said he never offered warranties for any of the used vehicles he sold.

Peak stated there was no "as is" language in the Agreement. The exclusion of warranties does not require the phrase "as is" but may be found based on other language used. We are unable to confirm whether this disputed fact was conclusively determined by the parties' Agreement because it is not in the record.

Yet the district court had the opportunity to review the Agreement and resolved this factual issue in favor of Elliot. The district court expressly stated, on two separate occasions, "I think they bought the car as is." Even so, the district court basically ordered a rescission or awarded damages to Peak and Miles.

The circuit court affirmed the judgment for Miles and Peak but rejected the "as is" finding by the district court because there was no written proof in the record that the sale of the vehicle was "as is" at least with respect to any warranty of fitness for a particular purpose. The circuit court correctly noted (on p. 2 of its decision in footnote 1) that the video record showed Peak giving a single page document to the judge for review, and based on the context, the circuit court concluded it was a copy of the Agreement. The circuit court surmised that the Agreement was not part of the record because it was not made an exhibit by any of the parties. Since there was no written proof of an "as is" sale *in the record*, the circuit court reasoned that Elliot's testimony alone was insufficient to support this claim.

The Agreement did not have to be marked and admitted as an exhibit to be considered as evidence by the small claims division of the district court. As we pointed out in *Campbell v. Crager*, 167 S.W.3d 669, 672 (Ky. App. 2005), there are minimal rules that must be followed in small claims court. The record is often small and unsophisticated compared to heavily litigated cases. "The

-11-

procedural requirements are relaxed in order to provide parties a simple forum in which to litigate their claims." *Id.* In a small claims case, the court "simply considers the complaint and sundry information provided by the parties and renders a decision based upon equity and fair dealing." *N. Tool & Equip., Inc. v. Durbin*, 392 S.W.3d 424, 426 (Ky. App. 2013) (internal quotation marks and citations omitted).

Here, no one asked to enter the parties' Agreement as an exhibit, and this document was a key piece of evidence in determining whether there was notice that the sale of the vehicle was "as is" leaving the entire assumption of risk as to the vehicle's condition with the purchasers. But the video record does make clear that the Agreement exists and was provided to the district court for its consideration. The video record also makes clear the district court reviewed the Agreement.

When the parties do not make sure that evidence becomes part of the record, a court considering an appeal must assume the missing evidence supports the trial court's decision – in this case that the vehicle was sold "as is." *See Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985) (citing *Commonwealth, Dep't of Highways v. Richardson*, 424 S.W.2d 601, 604 (Ky. 1968)) ("when the complete record is not before the appellate court, that court

must assume that the omitted record supports the decision of the trial court"). *See also* RAP 25(B).

CR[4] 52.01 further limits appellate review to whether the "as is" finding is clearly erroneous. CR 52.01 admonishes us to give due regard to the opportunity of the trial court to judge the credibility of the witnesses. Based on the district court's sole review of the Agreement, and its discretion as the trier of fact to weigh the credibility of the testimony, we cannot say that the "as is" finding was clearly erroneous, and it was error for the circuit court to disturb this finding in these unusual circumstances.

KRS 355.2-316 seeks to provide a structure for construing both oral representations and written disclaimers within an agreement for the sale of goods. To carry out that purpose, the statute provides that, "unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is,' 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties[.]" KRS 355.2-316(3)(a).

An official comment to the statute provides that an "as is" clause in a sales contract is "understood to mean that the buyer takes the entire risk as to the quality of the goods involved." KRS 355.2-316 official cmt. 7 (2008). The rationale was further explained:

---

[4] Kentucky Rules of Civil Procedure.

-13-

> A valid "as is" agreement prevents a buyer from holding a seller liable if the thing sold turns out to be worth less than the price paid, because *it is impossible for the buyer's injury on account of this disparity to have been caused by the seller and the sole cause of the buyer's injury is the buyer himself or herself.* Thus, by agreeing to purchase something "as is," a buyer agrees to make his or her own appraisal of the bargain and to accept the risk that he or she may be wrong, and the seller gives no assurances, express or implied, concerning the value or condition of the thing sold. 67 Am. Jur. 2d *Sales* § 772 (2012) (emphasis added). Such a position parallels Kentucky case law, as well as the law in other jurisdictions.

*Roberts v. Lanigan Auto Sales*, 406 S.W.3d 882, 884 (Ky. App. 2013).

The district court did not err in finding that the vehicle was sold "as is." This foreclosed any remedy for breach of the implied warranty of merchantability. There was no evidence of any warranty of fitness for a particular purpose (*e.g.*, the buyer told the seller that the vehicle must be able to operate to pull a certain heavy trailer) which called for the seller to advise on which vehicle to purchase. Thus, the lack of a writing in the record to disclaim any warranty of fitness for a particular purpose was irrelevant.

## THE "AS IS" FINDING DOES NOT SUPPORT RESCISSION OF THE CONTRACT AS A PROPER REMEDY.

Having determined there was substantial evidence to support the finding that the vehicle was sold "as is," we conclude the facts do not support judgment in favor of Peak and Miles. They are not entitled to rescission of the

-14-

contract or reimbursement of the deposit paid because they assumed the risk that the vehicle was in good and operable condition, which it initially was. The "as is" nature of the sale bars their claim, absent fraud, which was not argued nor proven.

Under Kentucky law, rescission is an extraordinary remedy that is available only when fraud has occurred or a warranty has been breached. *Beattie v. Friddle*, 17 S.W.2d 246, 248 (Ky. 1929). Here, there was neither fraud nor breach of warranty proven. Fraud was not alleged, and the parties agreed there were no express warranties. And because the district court determined the sale was "as is," there were also no implied warranties. As a result, rescission of the parties' contract was not a proper remedy.

Elliot's argument that the circuit court erred in failing to return the vehicle to him upon judgment for Peak and Miles is rendered moot by our decision. While rescission of an executed contract is not ordinarily allowed for a breach unless the former status of the parties can be restored, *id.*, no such order was entered in this case. The circuit court found a waiver by Elliot because he sought damages. This was not a waiver in the event the court orders rescission which Elliot did not seek.

We are aware that nearly two years have passed since judgment was entered in favor of Miles and Peak, who may or may not still possess the vehicle. It may have been junked by now. We do not decide on the proper remedy on

remand.  We should not tie the hands of the district court on remand because intervening circumstances may affect a just result.  We will outline the directions on remand to leave no confusion left by the too oft-used expression of "for proceedings not inconsistent with this opinion."

In the circumstances presented, we reverse the circuit court and vacate the district court decision as to damages.  There is no need to revisit the "as is" finding because no writing was needed to disclaim a merchantability warranty and the circumstances do not support a fitness for a particular purpose warranty.

Because the vehicle was sold "as is," the district court cannot award damages against Elliot and must consider his contractual counterclaim.  Whether Elliot can get the vehicle back or even wants it to somehow reduce his loss remains an open question.

## CONCLUSION

The Jefferson Circuit Court is REVERSED, the Judgment of the Jefferson District Court is VACATED, and this case shall be REMANDED to the Jefferson District Court to dismiss the Complaint and to adjudicate the Counterclaim.  As is the common practice in small claims court, nothing prohibits the district court from directing these parties to try to resolve the case before another hearing.  With all that has occurred here, such a compromise may lead to the best resolution now possible for the parties and a fair result.

ALL CONCUR.


BRIEF FOR APPELLANT:          NO BRIEF FOR APPELLEES.

Tyler J. Rucker
Louisville, Kentucky